UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN A. RUNION,

           Petitioner,

    v.

UNITED STATES OF AMERICA,

           Respondent.

Civil Case No. 08-cv-358-JPG
Criminal Case No. 06-cr-40027-JPG

**<u>MEMORANDUM AND ORDER</u>**

       This matter comes before the Court on petitioner Brian A. Runion's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 2).  The government has responded to the motion (Doc. 5).

       On May 3, 2006, Runion was indicted on one count possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The indictment alleged as the prior felony Runion's April 2004 conviction of the offense of aggravated driving under the influence of drugs and/or alcohol ("DUI") in violation of Illinois law.  On December 21, 2006, Runion pled guilty pursuant to a plea agreement.  In that agreement, Runion and the government stated that they believed Runion would not be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but acknowledged that the Court would make the ultimate decision on that issue.  An armed career criminal finding would elevate Runion's statutory sentencing range from the 0-10 years for a routine felon in possession, *see* 18 U.S.C. § 924(a)(2), to 15 years-life, *see* 18 U.S.C. § 924(e)(1).

       On March 29, 2007, the Court held a sentencing hearing.  The Court found Runion was an armed career criminal under 18 U.S.C. § 924(e) and United States Sentencing Guideline[1]

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2006 United States Sentencing Guidelines Manual.

("U.S.S.G.") § 4B1.4.  That finding was based on Runion's three prior felony DUI convictions, which the Court found constituted "violent felonies" under the ACCA.  Based on this finding, the Court found Runion's base offense level was 33 under U.S.S.G. § 4B1.4(b)(3)(B), which was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b), yielding a total offense level of 30.  In combination with Runion's criminal history category of VI, and in light of the statutory sentencing range of 15 years to life, that offense level yielded a sentencing range of 180 to 210 months.  *See* U.S.S.G. § 5G1.1(c)(2).  The Court sentenced Runion to serve a term of imprisonment of 180 months, the statutory minimum sentence.  Runion did not appeal his sentence.

Runion filed this § 2255 motion on May 16, 2008.  In it, he argues that the Court should vacate his sentence in light of *Begay v. United States*, 128 S. Ct. 1581 (2008), decided April 16, 2008.  *Begay* held that a DUI conviction is not a violent felony for purposes of the ACCA.

In its response, the government waives its argument that Runion waived his right to collaterally challenge his sentence when he entered into his plea agreement with the government. It further agrees with Runion that under *Begay* he would not be considered an armed career criminal subject to a higher statutory sentencing range.  The government further argues that *Begay* announces a new substantive rule that is retroactively applicable on collateral review and asks the Court to vacate Runion's sentence, appoint him counsel, order a revised presentence investigation report and set this matter for resentencing.

Because the government does not oppose the granting of Runion's § 2255 motion and for the reasons stated in the government's response, the Court:

• **GRANTS** Runion's § 2255 motion (Doc. 1);

- **VACATES** the sentence imposed on March 29, 2007, in Runion's case as reflected in the judgment entered on April 3, 2007 (Doc. 53 in Case No. 06-cr-40027-JPG); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  October 6, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**